UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NATIONSTAR MORTGAGE LLC,

                    Plaintiff,

     -against-                               3:16-CV-0977 (LEK/DEP)

RONALD T. MOHR, *et al.*,

                    Defendant.

_____

## MEMORANDUM-DECISION AND ORDER

### I.     INTRODUCTION

Before the Court is plaintiff Nationstar Mortgage LLC's motion for default judgment,
seeking the foreclosure and sale of real property owned by defendant Ronald Mohr. Dkt. No. 12
("Motion"); see also Dkt. No. 13 ("Attorney Affidavit"). For the following reasons, Nationstar's
Motion is denied and its complaint is dismissed for lack of subject matter jurisdiction.

### II.    BACKGROUND

In this case, Nationstar seeks a judgment for unpaid amounts on Mohr's home mortgage,
along with the foreclosure and sale of the property in order to satisfy this debt. Dkt. No. 1
("Complaint") ¶¶ 1, 9–12. Nationstar claims that this Court has subject matter jurisdiction based
on diversity of the parties' citizenships. Id. ¶ 7. Specifically, the Complaint alleges that
Nationstar is a citizen of Delaware (by way of a tortuous chain of ownership), that Mohr is a
citizen of Indiana, and that Mortgage Electronic Registration Systems, Inc. ("MERS")—which is
named as a defendant here due to its holding a subordinate mortgage on the property—is a citizen
of Rhode Island. Id. ¶¶ 2–4. Importantly, the Complaint notes that MERS "is named solely as

nominee for Advanced Financial Services, Inc." and that "[a]ll substantive interest in the mortgage remains in the hand of Advanced Financial Services." Id. ¶ 4.

Mohr and MERS failed to appear in this action, and the Clerk of the Court entered their default on September 28, 2016. Dkt. No. 10. Nationstar then moved for default judgment. Mot. Pursuant to the Local Rules, Nationstar's counsel supplied an Attorney Affidavit with the Motion, which included a copy of the Complaint, a proposed judgment, the entry of default, calculations of damages and fees, and sworn statements attesting that the defendants were properly served but nonetheless failed to appear. Attorney Aff. ¶¶ 3–4, 7, 9; Dkt. Nos. 13-1 to -8. But the Attorney Affidavit did not include sworn statements that Mohr is not an infant or otherwise incompetent, that he is not in the military service, that the amount sought "is justly due and owing," "that no part has been paid," and that the "disbursements sought to be taxed" either have been or necessarily will be made. L.R. 55.2(a). Additionally, Nationstar's request for attorney's fees states that because counsel plans to charge Nationstar "a flat fee for foreclosure work, individual time sheets are not maintained." Dkt. No. 13-5 ("Fees Affirmation") ¶ 4.

## III. LEGAL STANDARD

### A. Subject Matter Jurisdiction

Subject matter jurisdiction is a fundamental predicate to judgment in the federal courts. "Dismissal of a case for lack of subject matter jurisdiction . . . is proper 'when the district court lacks the statutory or constitutional power to adjudicate it.'" Ford v. D.C. 37 Union Local 1549, 579 F.3d 187, 188 (2d Cir. 2009) (per curiam) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). A lack of subject matter jurisdiction cannot be waived, and may be raised by motion or sua sponte at any time. E.g., Transatlantic Marine Claims Agency, Inc. v.

Ace Shipping Corp., 109 F.3d 105, 107 (2d Cir. 1997); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The party asserting subject matter jurisdiction must show the basis for jurisdiction on the face of its pleading, and—if challenged—must prove its existence by a preponderance of the evidence. E.g., Makarova, 201 F.3d at 113; Augienello v. FDIC, 310 F. Supp. 2d 582, 587–88 (S.D.N.Y. 2004). This is true even on a motion for default judgment, since the principle that a default deems the well-pleaded allegations of the complaint to be admitted is inapplicable when a court doubts the existence of subject matter jurisdiction. Transatlantic Marine, 109 F.3d at 108.

**B. Default Judgment**

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." Elec. Creations Corp. v. Gigahertz, Inc., No. 12-CV-1423, 2013 WL 3229125, at *3 (N.D.N.Y. June 25, 2013) (quoting Robertson v. Doe, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" Id. (alteration in original) (quoting Robertson, 2008 WL 2519894, at *3). Second, under Federal Rule of Civil Procedure 55(b)(2), "the party seeking default judgment is required to present its application for entry of judgment to the court." Id. (quoting Robertson, 2008 WL 2519894, at *3).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability. . . ." Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). "While a default

judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974); accord, e.g., Bravado Int'l, 655 F. Supp. 2d at 189–90. "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." United States v. Hill, No. 12-CV-1413, 2013 WL 474535, at *1 (N.D.N.Y. Feb. 7, 2013) (alteration in original) (quoting Overcash v. United Abstract Grp., Inc., 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008)). "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Int'l, 655 F. Supp. 2d at 189. "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" Id. at 190 (quoting Fustok v. Conticommodity Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988), aff'd, 873 F.2d 38 (2d Cir. 1989)).

Under Local Rule 55.2(b), the moving party must submit with its motion for default judgment: (1) a clerk's certificate of entry of default, (2) a proposed form of default judgment, (3) a copy of the pleading to which no response has been made, and (4) an affidavit. L.R. 55.2(b). The affidavit must set forth that: (1) the party against whom judgment is sought is not an infant, incompetent, or in military service; (2) the party against whom judgment is sought "has defaulted in appearance in the action"; (3) service was properly effected under Federal Rule of Civil Procedure 4; (4) the amount sought "is justly due and owing," and no part has been paid; and (5) "[t]he disbursements sought to be taxed have been made in the action or will necessarily be made or incurred." L.R. 55.2(a).

## IV.    DISCUSSION

### A.  Lack of Subject Matter Jurisdiction

"A federal court's jurisdiction must clearly appear from the face of [the] complaint . . . ." Verosol USA, Inc. v. Fla. Shades, Inc., No. 91-CV-6263, 1992 WL 696643, at *1 (S.D.N.Y. Sept. 17, 1992) (quoting Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972)); accord Atlas Supply Co. v. Transcon Lines Inc., No. 83-CV-5622, 1984 WL 1202, at *1 (S.D.N.Y. Oct. 29, 1984). "And when a complaint fails to plead subject matter jurisdiction, the Court is obligated to dismiss it *sua sponte*." Receivables Exch., LLC v. Hotton, No. 11-CV-292, 2011 WL 239865, at *1 (E.D.N.Y. Jan. 21, 2011) (citing Fed. R. Civ. P. 12(h)(3)).

Nationstar asserts federal jurisdiction because its citizenship is diverse from the defendants in this case. Compl. ¶ 7. "Under the standard diversity jurisdiction statute, 28 U.S.C. § 1332(a), there must be 'complete' diversity among the parties, meaning that each defendant must be a citizen of a different state from each plaintiff." U.S. Bank Tr., N.A. v. Dupre, No. 15-CV-558, 2016 WL 5107123, at *2 (N.D.N.Y. Sept. 20, 2016) (Kahn, J.) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 67–68 (1996); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373–74 (1978)). At first glance, the Complaint seems to meet this requirement: it alleges that Nationstar is a citizen of Delaware, while Mohr is a citizen of Indiana and MERS—due to its state of incorporation and principal place of business—is a citizen of Rhode Island. Compl. ¶¶ 2–4.

"[MERS's] corporate status, however, does not end the jurisdictional inquiry in this case." Airlines Reporting Corp. v. S&N Travel, Inc., 58 F.3d 857, 861 (2d Cir. 1995). This is because "the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and

substantial parties to the controversy." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460 (1980) (citing McNutt v. Bland, 43 U.S. (2 How.) 9, 15 (1844)). "Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Id. at 461.

This question of subject matter jurisdiction differs from the party's ability to sue (or be sued) in its own name under the Federal Rules of Civil Procedure. Thus, even if the party "serving in a representative capacity is a real party in interest in the sense that the action is properly maintained in his name, a representative is not necessarily the real party in interest for the purpose of determining diversity jurisdiction." Airlines Reporting Corp. v. S&N Travel, Inc., 857 F. Supp. 1043, 1047 (E.D.N.Y. 1994) (citation omitted) (quoting Wilsey v. Eddingfield, 780 F.2d 614, 615 (7th Cir. 1985)), aff'd, 58 F.3d 857; see also Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 194 (2d Cir. 2003) ("[A]lthough there exists a '"rough symmetry" betwen the "real party in interest" standard of Rule 17(a) and the rule that diversity jurisdiction depends upon the citizenship of real parties to the controversy . . . the two rules serve different purposes and need not produce identical outcomes in all cases.'" (second alteration in original) (quoting Navarro, 446 U.S. at 462 n.9)).

In the Complaint, Nationstar alleges that MERS "is named solely as nominee" for a third party called Advanced Financial Services, and that "[a]ll substantive interest in the mortgage remains in the hand of Advanced Financial Services." Compl. ¶ 4. This allegation prevents Nationstar from using MERS's citizenship when asserting federal jurisdiction, since Advanced Financial Services—not MERS—is the real party in interest.

Airlines Reporting Corp. demonstrates why MERS's citizenship cannot be deemed controlling for diversity purposes. In that case, the plaintiff—ARC—was an intermediary created by the airline industry "to function as a clearinghouse and collection agent for transactions between the air carriers and travel agents." 58 F.3d at 859. When ARC filed a lawsuit attempting to collect funds from a travel agent on behalf of a member air carrier, the Second Circuit determined that the federal courts lacked subject matter jurisdiction because the actual air carriers—and not ARC—were the real parties in interest, and thus their citizenships were determinative for diversity purposes. Id. at 859–60, 865. In relevant part, the court held that it would "not deem ARC's corporate citizenship controlling when it acts merely as an agent representing the interests of others. In such a case, the citizenship of the represented individuals controls for diversity purposes, as they are the real and substantial parties to the dispute." Id. at 862.

Just as in Airlines Reporting Corp., Nationstar has not shown that MERS has "any corporate interests of its own" in this case. Id.; see also Oscar Gruss, 337 F.3d at 194 ("[W]here a plaintiff brings a suit solely in his representative capacity, the citizenship of the represented party, and not that of the representative, controls."). For this reason, at least one other court has found that MERS is not the real party in interest for diversity purposes in cases concerning mortgages it holds as nominee. Hien Pham v. Bank of N.Y., 856 F. Supp. 2d 804, 811 (E.D. Va. 2012). Accordingly, MERS's citizenship cannot be used to establish diversity jurisdiction, and Nationstar's Complaint must be dismissed.

Even if MERS were the real party in interest for diversity purposes, the Court would have serious doubts concerning its jurisdiction as a factual matter. This is because several other courts

have found that MERS is a citizen of Delaware, which would destroy diversity given

Nationstar's Delaware citizenship. See, e.g., Ventures Tr. 2013-I-H-R v. Shores Villas Condo.

Ass'n, No. 16-CV-21677, 2016 WL 4542160, at \*2 (S.D. Fla. Aug. 31, 2016) ("MERS actually

appears to be a citizen of both Virginia and Delaware." (quoting Smith v. Bank of Am. Corp.,

605 F. App'x 311, 315 n.3 (5th Cir. 2015) (per curiam))); Wood v. Bank of Am., No. 14-CV-73,

2014 WL 11515725, at \*1 (N.D. Tex. May 8, 2014) (same); Anderson v. CitiMortgage, Inc., No.

13-CV-36, 2013 WL 5303800, at \*1 (E.D. Tex. Sept. 20, 2013) (same); Johnlawis v. U.S. Bank

Nat'l Ass'n, No. 12-CV-3360, 2013 WL 655808, at \*3, \*5 (S.D. Tex. Feb. 21, 2013) (same);

Haynes v. JPMorgan Chase Bank, N.A., No. 11-CV-13858, 2011 WL 4595271, at \*2 (E.D.

Mich. Oct. 3, 2011) (same). Because MERS's own citizenship is ineffective for diversity

purposes, however, there is no need for Nationstar to submit further factual material on this issue.

If Nationstar wishes to proceed in federal court, it must, within thirty (30) days, move to

amend its Complaint to include an allegation of Advanced Financial Services' citizenship. This

motion to amend must be prepared in accordance with Local Rule 7.1(a)(4), which establishes

the form for such a motion and lists the required papers. Failure to comply with the Local Rules

or to address this deficiency may result in the denial of the motion and dismissal of this case

without further leave to amend.

**B. Procedural Requirements for Default Judgment**

While Nationstar's Motion must be denied because of the Complaint's dismissal, it

would also be denied because of its failure to comply with the Court's procedural requirements

for default judgment. The Court already discussed this issue in another recent case in which

Nationstar's attorneys—Gross Polowy, LLC—served as the lender's counsel. U.S. Bank Tr.,

N.A. v. Monroe, No. 15-CV-1480, 2017 WL 923326, at *6 (N.D.N.Y. Mar. 8, 2017) (Kahn, J.).

Just as in that case, the Attorney Affidavit filed in support of Nationstar's Motion did not include

several items required by Local Rule 55.2, such as Mohr's competence to be sued and military

service status. Furthermore, the attorney's fee request states that Nationstar's counsel did not

keep contemporaneous time records in support of the amount it wishes to tax against Mohr. Fees

Affirmation ¶ 4.[1]

If Nationstar moves to amend its Complaint, and the Court subsequently grants that

motion, Nationstar may again seek default judgment against Mohr. Such a motion must,

however, meet each of the requirements in the Local Rules and address all other issues discussed

in this Memorandum-Decision and Order. Failure to do so may result in the denial of the motion

and dismissal of this case. The Court also repeats the same warning concerning attorney's fees

that it issued to Gross Polowy in the Monroe case, 2017 WL 923326, at *1 n.1, and any

subsequent motion for default judgment should not include a request for attorney's fees that is

unsupported by contemporaneous time records.

## V.      CONCLUSION

Accordingly, it is hereby:

---

[1] Indeed, Gross Polowy's ex post assessment of time worked, when multiplied by the rates specified in the affirmation, suspiciously sums to the exact flat rate charged to Nationstar. Fees Affirmation ¶¶ 4–6. This apparent reverse engineering of the bill is unacceptable when seeking court-ordered attorney's fees. See, e.g., OneWest Bank, N.A. v. Denham, No. 14-CV-5529, 2015 WL 5562980, at *10 (E.D.N.Y. Aug. 31, 2015) (denying Gross Polowy attorney's fees because "courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that 'attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done'" (quoting OneWest Bank, N.A. v. Cole, No. 14-CV-3078, 2015 WL 4429014, at *6 (E.D.N.Y. July 17, 2015))).

**ORDERED**, that Nationstar's Complaint (Dkt. No. 1) is **DISMISSED for lack of subject matter jurisdiction**, and without prejudice to refiling in state court; and it is further

**ORDERED**, that Nationstar's Motion (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED**, that if Nationstar wishes to continue this action in federal court, it must move to amend its Complaint with **thirty (30) days** of the filing date of this Memorandum-Decision and Order; and it is further

**ORDERED**, that if Nationstar fails to file such a motion as directed in this Memorandum-Decision and Order within **thirty (30) days**, the Clerk of the Court shall close this case without further order of the Court; and it is further

**ORDERED**, that if the Court grants such a motion to amend the Complaint, Nationstar may then file a renewed motion for default judgment consistent with this Memorandum-Decision and Order; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     April 13, 2017
           Albany, New York

Lawrence E. Kahn
U.S. District Judge

10